IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-160 |
| | ) | |
| SANDRA KINCAID, | ) | (VARLAN / GUYTON) |
| RANDY KINCAID, | ) | |
| WENDI HENRY, and | ) | |
| DUSTIN MORGAN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 16, 2012, for a scheduled pretrial conference and motion hearing on the Defendant Sandra Kincaid's Motion to Continue Trial Date [Doc. 114], filed on July 28, 2012. Assistant United States Attorneys Jennifer Kolman and Frank M. Dale, Jr., appeared on behalf of the Government. Attorney Gregory P. Isaacs represented Defendant Sandra Kincaid. Attorney Donny M. Young appeared on behalf of Defendant Randy Kincaid. Attorney Gerald L. Gulley, Jr, represented Defendant Wendi Henry. Attorney Mark E. Brown appeared on behalf of Defendant Dustin Morgan. All four Defendants were also present.

In her motion, Defendant Sandra Kincaid asks the Court to continue the September 11, 2012 trial of this case. The motion states that lead counsel for the Government has recently changed and that it would be prudent to permit the parties to coordinate discovery with the new

1

Government attorney to ensure that discovery is complete. The motion also observes that this case involves complex issues of fact and law and, as such, has already been deemed [Doc. 37] complex for purposes of the Speedy Trial Act.

At the hearing, neither Sandra Kincaid's codefendants nor the Government objected to the requested trial continuance. In addition to the reasons given in the motion, AUSA Kolman noted that Attorney Donny Young had just joined the case the day before. She stated that because of problems with missing discovery in another federal case involving a pain clinic, she intended to produce all the discovery to the Defendants in this case again and in a more organized fashion. Although she expected that some of the discovery would duplicate the discovery produced by the previous AUSA on the case, some might be new. In light of the new discovery, Attorney Isaacs asked the Court to set a new motion deadline. Attorney Young joined in this oral motion, due to his recent entry into the case. The parties agreed to a new trial date of August 20, 2013. The Government also requested early disclosure of expert witnesses. The parties agreed that the Government would disclose its experts on May 15, 2013, and that the Defendants would disclose their experts by July 15, 2013.

The Court finds the motion to continue the September 11, 2012 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court has previously found [Doc. 37] that the discovery in this case is voluminous, involving some 1100 medical files. The Government now intends to produce discovery again to the Defendants, who will have to review the discovery again to determine whether it contains information that they have not seen before. Additionally, Attorney Donny Young was substituted as counsel of record for Defendant Randy

Kincaid on August 15, 2012, due to a conflict of interest by former counsel. Mr. Young will need time to familiarize himself with the case and to prepare for trial. The parties have also expressed an intention to seek the services of expert witnesses in this case. Finally, the Court observes that the Defendants have filed a number of dispositive and non-dispositive motions. The Court has held hearings on these motions, which involve complex issues of fact and law, and the Defendants are awaiting the rulings or recommendations of the Court. Once the litigation of these motions is complete, the parties will need time to prepare for trial in light of the outcome. Given the extensive discovery involved in this case and the nature of the charges, the Court finds that all of this cannot take place before the September 11 trial date. Thus, the Court finds that the failure to grant a continuance would deprive the parties of time to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant Sandra Kincaid's unopposed Motion to Continue Trial Date [**Doc. 114**] is **GRANTED**, and the trial of this matter is reset to **August 20, 2013**. The Court also finds that all the time between the filing of Defendant Sandra Kincaid's motion to continue on July 28, 2012, 2011, and the new trial date of August 20, 2013, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The oral motion to reopen the motion deadline by Defendants Sandra and Randy Kincaid is also **GRANTED**. The new deadline for filing pretrial motions is **March 15, 2013**. Responses to motions are due on or before **March 29, 2013**. If any additional motions are filed, the Court will contact the parties to schedule a motion hearing. The Government must disclose, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), any expert witnesses that it intends to use at trial by **May 15, 2013**. The Defendants must likewise disclose their expert witnesses, per Rule 16(b)(1)(C), Fed. R. Crim. P., by **July 15,**

3

**2013**. The parties are to appear before the undersigned for a final pretrial conference on **August 6, 2013, at 9:30 a.m.** This date is also the deadline for concluding plea negotiations. The Court instructs the parties that all motions *in limine* must be filed no later than **August 5, 2013**. Special requests for jury instructions shall be submitted to the District Court no later than **August 9, 2013**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Sandra Kincaid's Motion to Continue Trial [**Doc. 114**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **August 20, 2013**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **July 28, 2012**, and the new trial date of **August 20, 2013**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) Defendants Sandra and Randy Kincaid's oral motion to reopen the motion deadline is **GRANTED**. The new deadline for filing any pretrial motions is **March 15, 2013**;

(5) Responses to motions are due on or before **March 29, 2013**;

(6) The parties agreed to early disclosure of expert witnesses. The Government must disclose its expert witnesses by **May 15, 2013**. The Defendants must disclose their expert witnesses and any reciprocal discovery by **July 15, 2013**;

(7) A final pretrial conference before the undersigned is set for **August 6, 2013, at 9:30 a.m.** This is also the deadline for concluding plea negotiations;

(8) Motions *in limine* must be filed no later than

4

**August 5, 2013**; and

(9) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **August 9, 2013**.

**IT IS SO ORDERED.**

ENTER:

　　　s/ H. Bruce Guyton　　　
United States Magistrate Judge