IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:10-CR-160 |
| v. | ) | |
| | ) | (VARLAN / GUYTON) |
| SANDRA KINCAID, | ) | |
| RANDY KINCAID, | ) | |
| WENDI HENRY, and | ) | |
| DUSTIN MORGAN, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C.§ 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendants' motions to dismiss the Superseding Indictment[1]:

> (1) Motion to Dismiss Indictment [Doc. 50], filed by Defendant Randy Kincaid on June 8, 2011;
>
> (2) Defendant Sandra Kincaid's Motion to Dismiss [Doc. 58], filed on June 8, 2011;
>
> (3) Motion by the Defendant Dustin Morgan to Dismiss the

---

[1]The Court notes that the motions to dismiss [Docs. 50 and 58] by Defendants Randy and Sandra Kincaid relate to the original Indictment [Doc. 3], filed on December 7, 2010. A Superseding Indictment [Doc. 77] was filed on September 7, 2011. On September 29, 2011, the Court granted [Doc. 86] the Defendants' oral motion to set a motion deadline and established January 6, 2012, as the deadline for Defendant Morgan, who was brought into the case in the Superseding Indictment, to file pretrial motions and for the other Defendants to file any motions relating to the changes in their charges. Accordingly, the Court will analyze all the motions in light of the Superseding Indictment.

1

Indictment [Doc. 87], filed on January 6, 2012; and

(4) Motion to Dismiss Count Five of the Superseding Indictment [Doc. 97], filed by Defendant Randy Kincaid on January 6, 2012.

Defendant Wendi Henry has moved [Doc. 66] to join in the motions [Docs. 50 and 58] of Mr. and Ms. Kincaid. Defendant Randy Kincaid has moved [Doc. 61] to adopt the motion of Ms. Kincaid. Both motions to join [**Docs. 61 and 66**] are **GRANTED**.

The Court held a hearing on the initial motions to dismiss filed by the Defendants Kincaid on July 18, 2011. Assistant United States Attorneys Alexandra Hui and Frank M. Dale, Jr., appeared on behalf of the Government. Attorneys Gregory P. Isaacs and Andrea Mohr represented Defendant Sandra Kincaid. Assistant Federal Defender Jonathan A. Moffatt appeared on behalf of Defendant Randy Kincaid. Attorney Gerald L. Gulley, Jr., represented Defendant Wendi Henry. All three Defendants were also present. The Court heard the arguments of the parties and took the motions under advisement.

On September 7, 2011, a Superseding Indictment was filed, adding Defendant Dustin Morgan and adding and/or altering the charges against the original Defendants. The Court granted the parties time to file pretrial motions with respect to the new charges. On March 12, 2012, the Court heard argument on Defendant Morgan's pretrial motions, including his motion to dismiss the Superseding Indictment. Assistant United States Attorneys Hui, Dale, and Jennifer Kolman appeared on behalf of the Government. Attorney Mark E. Brown represented the Defendant, who was also present. At the conclusion of the hearing, the Court took Defendant Morgan's motions under advisement.

On March 14, 2012, the Court held a motion hearing on Defendant Randy Kincaid's Motion to Dismiss Count Five of the Superseding Indictment. Assistant United States Attorney Hui

represented the Government, and Assistant Federal Defender Moffatt[2] represented Mr. Kincaid, who was also present. The Court heard the parties' arguments on the motion and took the motion under advisement at that time.

## I. POSITIONS OF THE PARTIES

The Defendants are charged [Doc. 77], in Count One, with conspiring to distribute and dispense controlled substances unlawfully out of Breakthrough Pain Therapy Center ("Breakthrough") from May 2009 to December 14, 2010. The Indictment alleges as the manner and means of the conspiracy that Sandra Kincaid, the primary operator of Breakthrough, examined patients and issued prescriptions, although she is not a medical practitioner. [Doc. 77, ¶¶12, 14] Count One states that Wendi Henry, Ms. Kincaid's daughter, worked at the pain clinic and provided patients with false medical documents, which the patients then used to obtain prescriptions for controlled substances. [Doc. 77, ¶¶12, 17] The Indictment states that the patients receiving the false medical documents gave Henry a portion of their narcotic pills, once they filled the prescriptions they obtained at the pain clinic. The Indictment alleges that Randy Kincaid and Dustin Morgan carried firearms at Breakthrough during business hours in order to protect the large cash revenue generated by the business. [Doc. 77, ¶11] Defendant Dustin Morgan is charged in Count Three with possession of a firearm on December 14, 2010, in furtherance of the drug trafficking alleged in Count One. Defendant Randy Kincaid is also charged in Counts Two and Five with two counts of possession of firearms on December 14, 2010, in furtherance of the drug trafficking alleged in Count One and

---

[2]On August 15, 2012, the Court substituted [Doc. 117] Attorney Donny Young for Attorney Moffatt, because Mr. Moffatt had a conflict of interest.

Count Four, which charges Mr. and Ms. Kincaid with possession of controlled substances with intent to distribute.

The Defendants argue that the Indictment fails to state an offense in Count One and is constitutionally and procedurally insufficient. Specifically, they contend that Count One fails to charge an essential element of the offense because it does not allege that a DEA registrant participated in the conspiracy. They also assert that Count One does not provide sufficient facts to show a conspiracy to dispense controlled substances, the requisite intent or knowledge of the conspiracy, and sufficient factual details and dates to permit the Defendants to defend against the charges. Defendant Morgan argues that Count Three also fails to state an offense because Count One, on which it is predicated, fails to state an offense. Defendant Randy Kincaid contends that Counts Two and Five, which both charge him with possession of firearms on December 14, 2010, in furtherance of drug trafficking crimes, violate the Double Jeopardy clause of the Fifth Amendment.

## II. ANALYSIS

Our Constitution requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment by a grand jury[.]" U.S. Const. amend. V. The Defendants challenge the legal sufficiency of the Superseding Indictment, arguing that Count One contains insufficient allegations of the elements and facts to properly state an offense. Defendant Morgan argues that Count Three also fails to state an offense because it is predicated on Count One. Finally, Defendant Randy Kincaid contends that Count Five violates the Fifth Amendment's protection against twice placing him in jeopardy for a single offense, because it

charges him with the same offense as Count Two. The Court will address each of these three arguments in turn.

## A. Sufficiency of Conspiracy Charge

All four Defendants contend that Count One, which charges them with conspiring to distribute and dispense controlled substances unlawfully out of Breakthrough, must be dismissed because it is legally insufficient. They argue (1) Count One fails to allege an essential element of the offense and (2) Count One does not allege sufficient facts to allow them to prepare a defense.

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an indictment passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Landham, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting Hamling). An indictment may allege the charges using the words of the statute itself as long as it gives all the elements of the offense "'fully, directly, and expressly[.]'" Hamling, 418 U.S. at 117 (quoting United States v. Carll, 105 U.S. 611, 612 (1882)); Landham, 251 F.3d at 1079. Moreover, the statutory language "'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" Hamling, 418 U.S. at 117-18 (quoting United States v. Hess, 124 U.S. 483, 487(1888)); Landham, 251 F.3d at 1079. With these guiding principles in mind, the Court first examines the sufficiency of the elements of the alleged conspiracy and, second, the sufficiency of

the factual allegations.

*(1) Sufficiency of Elements*

The Defendants argue that Count One does not provide an essential element of the offense because it does not allege that a DEA registrant participated in the conspiracy. They urge the Court to follow the Court of Appeals for the Fifth Circuit, which distinguishes between medical practitioners, who must be charged with the "dispensing" language of § 841(a)(1) and non-practitioners, who must be charged with distribution. See United States v. Albert, 675 F.2d 712, 715-16 (5th Cir. 1982) (determining that a layperson can be convicted of conspiring to dispense controlled substances, if he or she knowingly participated in the conspiracy with licensed medical doctor); see also United States v. Armstrong, 550 F.3d 382, 392-95 (5th Cir. 2008), overruled on other gnds by United States v. Balleza, 613 F.3d 432, 433 (5th Cir. 2010); United States v. Prejean, 429 F. Supp. 2d 782, 799 (E.D. La. 2006). The Defendants contend that because the Indictment charges them with dispensing controlled substances and because none of them are medical practitioners, the Indictment must be dismissed for its failure to allege the participation of one authorized to issue prescriptions for controlled substances. The Government challenges this argument for two primary reasons: (a) the Indictment charges the Defendants with distribution as well as dispensing, and (b) the Court of Appeals for the Sixth Circuit has not adopted a distinction between charging practitioners and non-practitioners with violations of § 841(a)(1).

"It is well established that an indictment must allege all the elements of the charged crime." United States v. Resendiz-Ponce, 549 U.S. 102, 111 (2007) (Scalia, J., dissenting) (citing Alamendarez-Torez v. U.S., 523 U.S. 224, 228 (1998)). A charge expressed in the words of the

statute is sufficient, if "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished[.]" United States v. Carll, 105 U.S. 611, 612 (1881); see also Hamling, 418 U.S. at 117.

Here, the Defendants are alleged to have conspired to violate 21 U.S.C. § 841(a)(1), which provides that "[e]xcept as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.]" The Controlled Substances Act defines "dispense" as

> to deliver a controlled substance to an ultimate user or research subject by, or pursuant to the lawful order of, a practitioner, including the prescribing and administering of a controlled substance and the packaging, labeling or compounding necessary to prepare the substance for such delivery. The term "dispenser" means a practitioner who so delivers a controlled substance to an ultimate user or research subject.

21 U.S.C. § 802(10). "The term 'distribute' means to deliver (other than by administering or dispensing) a controlled substance or a listed chemical. The term 'distributor' means a person who so delivers a controlled substance or a listed chemical." 21 U.S.C. § 802(11). Based upon these two distinct statutory definitions, the Court of Appeals for the Fifth Circuit determined that medical practitioners must be charged with illegal *dispensing* of controlled substances under § 841(a)(1), rather than with illegal distribution. United States v. Leigh, 487 F.2d 206, 208 (5th Cir. 1973). The Fifth Circuit held that to conclude otherwise would ignore the language "other than by . . . dispensing" in the statutory definition of the term distribute. Id.

The Court of Appeals for the Sixth Circuit has expressly rejected this parsing of distribution and dispensing under § 841(a)(1) with regard to medical practitioners. United States v. Ellzey, 527

F.2d 1306, 1308 (6th Cir. 1976) (declining to follow the Fifth Circuit in <u>Leigh</u>). In <u>Ellzey</u>, the physician defendant argued the indictment alleging a violation of § 841(a)(1) should be dismissed because it charged him with "distributing," instead of with "dispensing." <u>Id.</u> The appellate court dismissed this argument as "merely a play on words," determining that the physician did "distribute" controlled substances within the meaning of the statute because he wrote illegal prescriptions in violation of generally accepted medical practice. <u>Id.</u>

Following its decision in <u>Ellzey</u>, the Sixth Circuit has not veered from this interpretation in the intervening years. <u>United States v. Price</u>, No. 90-1457, 1990 WL 197826, *3 (6th Cir. Dec. 7, 1990) (recognizing that "[i]t is well settled that a doctor may be charged with distributing a controlled substance when he illegally prescribes medications"); <u>United States v. Seelig</u>, 622 F.2d 207, 211 (6th Cir. 1980) (holding that "the allegation of distribution[ by defendant pharmacists] in violation of s 841(a)(1) includes the legal definition that the drugs were not dispensed, i.e., distributed in the usual course of professional practice"); <u>United States v. Millen</u>, 594 F.2d 1085, 1087 (6th Cir. 1979) (observing that "a charge of 'distributing' rather than 'dispensing' made against a physician who was a defendant [is] a lawful and appropriate indictment").[3] Because our appellate court has held that medical practitioners can be charged with illegally dispensing or with illegally distributing controlled substances, it follows that the Court of Appeals for the Sixth Circuit would not deem the involvement of a medical practitioner to be an element of dispensing controlled

_____

[3]Another panel of the appellate court "express[ed] no opinion as to whether a nonpractitioner can be properly charged with 'dispensing' controlled substances in violation of § 841(a)(1)." <u>United States v. Johnson</u>, 831 F.2d 124, 128 n.8 (6th Cir. 1987) (holding that "the sale by a nonpractitioner of bogus prescriptions which are in fact used to obtain controlled substances is tantamount to the distribution of the substances themselves and hence, is properly punishable as unlawful distribution of drugs in violation of § 841(a)(1)").

substances.

Moreover, and perhaps more importantly, the instant Superseding Indictment charges the

Defendants with *distributing* controlled substances, not with dispensing them:

> The Grand Jury charges that, beginning in or about May 2009, and continuing through on or about December 14, 2010, within the Eastern District of Tennessee, the defendants, **SANDRA KINCAID, RANDY KINCAID, WENDI HENRY, AND DUSTIN MORGAN**, did combine, conspire, confederate, and agree with each other and others to commit violations of Title 21, United States Code, Section 841(a)(1), that is, *to distribute, and to possess with intent to distribute*, [certain listed controlled substances], all in violation of Title 21, United States Code, Section 846.

[Doc. 77, ¶8 (emphasis added)][4]  Thus, even if our appellate court, like the Fifth Circuit, required

that a medical practitioner must be involved in order to charge illegal dispensing, allegations of a

medical practitioner's involvement would not be required in this case.

The Defendants contend that although paragraph 8 of the Superseding Indictment purports

to charge them with distribution, Count One actually charges dispensing, as revealed by assertions

made in the "Manner and Means" section.  Specifically, they argue that the Indictment contains

allegations relating to the use and dispersion of prescriptions, which shows that the Defendants are

actually accused of dispensing controlled substances and that the involvement of a medical

practitioner is required.[5]  As discussed above, even if the Superseding Indictment had expressly

---

[4]Paragraph 10 of the Superseding Indictment describing the "Manner and Means" of the alleged conspiracy, states that the Defendants operated Breakthrough "for the purpose of unlawfully distributing and dispensing and causing the unlawful distribution and dispensing of controlled [s]ubstances."  The fact that Count One also contains the word "dispensing" does not alter the fact that the Defendants are charged with conspiring to distribute controlled substances.

[5]Some of the allegations to which the Defendants point as revealing that the charge is actually for illegal dispensing were not re-alleged in the Superseding Indictment, including "gave inadequate physical examinations or not at all;" "failed to regulate the dosage of controlled

charged the Defendants with dispensing, rather than distributing, it would not make a difference under Sixth Circuit jurisprudence because "dispensing" is not restricted to medical practitioners.

*(2) Sufficiency of the Factual Allegations*

It is also well-settled that an indictment must contain facts, not just legal conclusions: "A crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances." United States v. Cruikshank, 92 U.S. 542, 558 (1875). The allegations in the indictment, alone, must permit the court to determine whether "the acts charged will–if proved–support a conviction for the offense alleged." Id. at 559. Stated another way, "[t]o be legally sufficient, the indictment must assert facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime." United States v. Superior Growers Supply, Inc., 982 F.2d 173, 177 (6th Cir. 1992); see also Landham, 251 F.3d at 1079 (quoting Superior Growers), United States v. Maney, 226 F.3d 660, 663 (6th Cir. 2000) (quoting Superior Growers). The ability of the court to refer to other statutes to determine the meaning of the primary statute charged does not relieve the Government of its obligation to allege all necessary facts. Carll, 105 U.S. at 613. In evaluating the constitutional sufficiency of the present charges, the Court observes that it must use "'a common sense construction'" to determine whether

---

substances prescribed;" and "accepted controlled substances distributed to the clinic by end users in exchange for 'new' prescriptions for controlled substances[.]" [Doc. 3, ¶21] Nevertheless, Count One still contains allegations regarding the Defendants' involvement in issuing prescriptions. The Indictment states that Sandra Kincaid "personally examines patients" and "fills out and/or signs prescriptions for controlled substances." [Doc. 77, ¶14] It also alleges that Defendant Henry instructed an undercover agent on how to perform during his appointment in order to get prescriptions for controlled substances. [Doc. 77, ¶19] Accordingly, the changes to the Superseding Indictment do not render the Defendants' argument moot.

the indictment gives the Defendant fair notice of the charges. Maney, 226 F.3d at 663 (quoting Allen v. U.S., 867 F.2d 969, 971 (6th Cir. 1989)).

In the instant case, the Defendants' contend that the Superseding Indictment fails to allege the facts with reasonable particularity as to time, place, and circumstance. Additionally, they argue that the Superseding Indictment does not charge that the Defendants conspired together to dispense controlled substances in violation of federal law, that each Defendant knew of the alleged conspiracy, or that each Defendant intended that prescriptions be issued outside the usual course of medical treatment. Finally, they assert that the Superseding Indictment does not allege that they conspired with a person legally authorized to write medical prescriptions, which they characterize as an essential fact constituting the offense of conspiracy to dispense controlled substances.

The Government responds that the Defendants are charged with conspiring with each other and others to violate § 846(a)(1). It maintains that the Superseding Indictment is a "speaking indictment" that describes how the clinic operated, including the allegations that Randy Kincaid and Dustin Morgan armed themselves in order to protect the clinic's revenues. The Government argues that the Indictment does not allege that controlled substances were dispensed outside of the usual course of medical practice because this allegation only applies to medical practitioners, not to nonpractitioners such as the Defendants.

First, the Court finds that the Superseding Indictment alleges the conspiracy in Count One "with reasonable particularity of time[ and] place[.]" Cruikshank, 92 U.S. at 558. Count One alleges that "beginning in or about May 2009, and continuing through on or about December 14, 2010, within the Eastern District of Tennessee," the Defendants conspired with each other and others to distribute controlled substances. Thus, Count One charges that the conspiracy lasted approximately

11

twenty and one-half months and occurred in this district. The "Manner and Means" section of Count One alleges various activities that occurred at a specific location, the Breakthrough clinic. Count One also lists the following additional dates: (1) The Breakthrough clinic "was formed on or about May 13, 2009" [Doc. 77, ¶10]; (2) Defendant Henry "arranged an appointment" for an undercover officer "[i]n or about April 2010" [Doc. 77, ¶19]; and (3) The undercover officer got prescriptions for controlled substances at "two appointments in April and May 2010" [Doc. 77, ¶20]. Finally, the Court observes that Counts Four and Five allege the distribution of controlled substances and the possession of firearms on December 14, 2010, within the time frame of the alleged conspiracy.

The Defendants argue that Count One fails to allege the dates or locations of the alleged conspiracy in sufficient detail to allow them to defend against the charge. The Court disagrees. In United States v. Vassar, the Court of Appeals for the Sixth Circuit examined a similar challenge to the sufficiency of the dates for a drug distribution conspiracy that was alleged to have run "'[f]rom on or before January 1, 2004, until on or about August 24, 2005, within the Eastern District of Tennessee[.]'" 346 F. App'x 17, 19 (6th Cir. 2009). The appellate court observed that while it is insufficient for an indictment to allege "open-ended" dates for both the start and end of a conspiracy, indictments are "sufficient where they fix the end of the conspiracy and provide an approximate start date[.]" Id. at 19-20. Thus, the court held that the indictment in Vassar was sufficient and not unconstitutionally vague. Id. The undersigned finds that the instant Superseding Indictment is arguably more specific than that in Vassar because it provides some additional dates in the "Manner and Means" portion to which the Defendants can connect specific acts allegedly performed in furtherance of the conspiracy. Also, numerous acts are alleged to have occurred at the specific location of the clinic. The Court finds that the allegations of time and place in Count One are

reasonably sufficient to put the Defendants on notice of the crimes with which they are charged, to allow them to prepare a defense, and to allow them to protect against a future double jeopardy violation.

The Defendants also argue that Count One fails to allege the circumstances of the conspiracy with reasonable particularity. Specifically, they contend that it does not provide facts showing that they conspired together to dispense controlled substances in violation of federal law, that each of them knew of the alleged conspiracy, that each of them intended that prescriptions be issued outside the usual course of medical treatment, or that they conspired with a person legally authorized to write medical prescriptions.

The Court finds that Count One does charge the circumstances of a conspiracy to distribute controlled substances with reasonable particularity. "The essence of a conspiracy charge is an agreement. . . . . [T]he general conspiracy statute, section 846 does not require either allegation or proof of overt acts; the agreement willfully joined is the entire offense." United States v. Evans, 951 F.2d 729, 738 (6th Cir. 1991). In the instant case, Count One charges the Defendants with agreeing with each other and unnamed others to distribute and to possess with intent to distribute certain listed controlled substances over a given twenty-and-one-half-month time period in the Eastern District of Tennessee. Thus, Count One alleges the criminal agreement in this case.

Moreover, although the Government is not required to allege overt acts, Count One provides a "Manner and Means" section that covers nearly three pages in eleven numbered paragraphs. This portion of the Indictment alleges that the Defendants opened and operated the Breakthrough clinic in order to distribute and dispense controlled substances unlawfully. [Doc. 77, ¶ 10] The Indictment charges that because Breakthrough operated on a "cash only" basis and generated large amounts of

cash, Randy Kincaid and Dustin Morgan carried firearms during business hours to protect the operations of the business and the cash. [Doc. 77, ¶ 11] Although not a medical practitioner, Mrs. Kincaid is alleged to have examined patients and filled out and/or signed prescriptions for controlled substances at the clinic. [Doc. 77, ¶12] The Indictment alleges that the employees of the clinic "do not limit drug-seeking behavior" in patients, despite knowing that many of the patients sell or trade narcotics and observing patients crushing prescription controlled substances and injecting them into a vein with a syringe in the clinic's parking lot. [Doc. 77, ¶15] The Superseding Indictment alleges that Mrs. Kincaid took Defendant Henry's medication, which was prescribed through the clinic, returned a portion to Henry, gave a portion to Henry's boyfriend, and retained "approximately 118 pills" belonging to Henry. [Doc. 77, ¶16] It is alleged that Defendant Henry gave "falsified medical documents" to patients, who used them to obtain prescriptions for narcotics from the clinic and who gave Henry a portion of the prescribed pills in return for the documents. [Doc. 77, ¶17] Finally, the Indictment describes two appointments for an undercover officer at the clinic, in which he or she used fraudulent medical documents to obtain prescriptions for controlled substances without receiving a physical examination. [Doc. 77, ¶¶19-20] Thus, the Court finds that the Superseding Indictment alleges specific facts regarding how the conspiracy operated.

Moreover, Count One does not have to allege the participation of a medical practitioner or that the Defendants intended for prescriptions for controlled substances to be issued outside the usual course of medical treatment. As discussed in part A above, the Defendants are charged with conspiring to distribute controlled substances. The Introduction to Count One alleges that in order for a prescription for a controlled substance to be lawful, it must be "(1) written by a practitioner registered with the DEA and (2) issued for a legitimate medical purpose in the course of the

practitioner's professional practice." [Doc. 77, ¶7] Count One alleges that Mrs. Kincaid issued prescriptions and that she is not a practitioner. [Doc. 77, ¶14]  Whether or not an individual intends to issue a prescription outside the usual course of medical treatment is only relevant if the person is a medical practitioner.  See United States v. Johnson, 831 F.2d 124, 128 (holding that the exception for medical practitioners lawfully practicing medicine and issuing prescriptions in the usual course of medical practice is "not directly applicable to [the defendant] since he was never a licensed practitioner, and therefore, never eligible for the exception").

The Court finds that Count One of the Superseding Indictment sufficiently alleges all the necessary facts and essential elements of conspiracy to distribute controlled substances to permit the Defendants to know the charge against them, to prepare to defend against this charge, and to plead a bar to a future double jeopardy violation.  Accordingly, the Court **RECOMMENDS** that the Defendant's  motions to dismiss Count One [Docs. 50, 58, and 87] be **denied**.


### B.  Sufficiency of Count Three

Count Three of the Superseding Indictment charges Defendant Morgan with possessing a firearm, "on divers days from in or about October 2009 through on or about December 14, 2010, within the Eastern District of Tennessee," in furtherance of the drug trafficking crime alleged in Count One (conspiracy to distribute controlled substances).  Defendant Morgan argues that Count Three must be dismissed because it is predicated upon Count One, which is insufficient based upon the arguments advanced by the Defendants in part A above.  In part A, the Court has found that Count One sufficiently charges both the elements of the alleged offense and the necessary facts. Accordingly, the Court finds Count One does not provide a basis to dismiss Count Three.

### C. Sufficiency of Counts Two and Five

Defendant Randy Kincaid alleges that his rights under the Double Jeopardy and Due Process clauses of the Fifth Amendment will be violated if he is tried and sentenced for the offenses alleged in Counts Two and Five of the Superseding Indictment. Count Two charges that "on divers days from in or about October 2009 through on or about December 14, 2010," Defendant Randy Kincaid possessed firearms in furtherance of the drug conspiracy alleged in Count One. Count Four alleges that "on or about December 14, 2010," Defendants Sandra and Randy Kincaid possessed oxycodone and morphine with intent to distribute in violation of 18 U.S.C. § 841. Count Five charges that "on or about December 14, 2010," Defendant Randy Kincaid possessed firearms in furtherance of the drug trafficking crime alleged in Count Four. Mr. Kincaid asks the Court to dismiss Count Five or to merge Counts Two and Five, contending that the actions alleged in both counts occurred during the conspiracy alleged in Count One and that the same proof, including the same firearm, will be used to prove Counts One, Two, Four, and Five. The Government responds that a substantive crime and a conspiracy to commit that crime are separate offenses that may each support a conviction and sentence under § 924(c).

The Fifth Amendment's prohibition against twice placing a defendant in jeopardy for the same offense shields the defendant from three potential harms: A "second prosecution for an offense after initial acquittal, second prosecution for an offense after an initial conviction, and 'multiple punishments for the same offense.'" United States v. Gibbons, 994 F.2d 299, 301 (6th Cir.) (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969)), cert. denied, 510 U.S. 872 (1993). A multiplicitous indictment charges a single offense in multiple counts thereby infringing upon the third category, multiple punishments for a single offense. See United States v. Robinson,

651 F.2d 1188, 1194 (6th Cir.), <u>cert. denied</u>, 545 U.S. 875 (1981). Multiplicity in the indictment may also "unfairly suggest that more than one crime has been committed." <u>United States v. Swafford</u>, 512 F.3d 833, 844 (6th Cir. 2008).

Despite these dangers of multiplicity, "a single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause." <u>Albernaz v. United States</u>, 450 U.S. 333, 344 n.3 (1981). Ultimately, the power to determine what constitutes a criminal offense and the punishment therefor belongs to the legislative branch. <u>Whalen v. United States</u>, 445 U.S. 684, 689 (1980). Thus, the initial inquiry in determining whether a single act or transaction may be punished under separate statutes is to determine "'whether Congress intended to punish each statutory violation separately.'" <u>United States v. DeCarlo</u>, 434 F.3d 447, 454 (6th Cir. 2006) (quoting <u>Jeffers v. United States</u>, 432 U.S. 137, 155 (1977)). If there is no clear expression of legislative intent, then "[t]he general test for compliance with the double jeopardy clause looks to 'whether each [count] requires proof of a fact which the other does not.'" <u>Gibbons</u>, 994 F.2d at 301 (quoting <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932)). "A defendant may be charged with multiple offenses based on the same underlying conduct as long as each offense requires proof of an element not required by the other." <u>United States v. Kelly</u>, 204 F.3d 652, 656 (6th Cir. 2000); <u>see</u> <u>Blockburger</u>, 284 U.S. at 304. This analysis looks to the elements of the statutes under consideration, rather than to the proof. <u>DeCarlo</u>, 434 F.3d at 455. "The Double Jeopardy Clause is not violated merely because the same evidence is used to establish more than one statutory violation if discrete elements must be proved in order to make out a violation of each statute." <u>Id.</u> at 455-56. With these principles in mind, the Court turns to the Defendants' allegations of multiplicity.

It is well settled that a conspiracy to distribute controlled substances and a single instance of

distribution occurring within the time frame of the conspiracy are separate crimes for double jeopardy purposes. See United States v. Felix, 503 U.S. 378, 389 (1992) (reaffirming "the rule that a substantive crime and a conspiracy to commit that crime are not the 'same offence' for double jeopardy purposes"); Murr v. United States, 200 F.3d 895, 902 (6th Cir. 2000). This is "because the 'essence' of a conspiracy offense 'is in the agreement or confederation to commit a crime.' . . . . [and] 'the agreement to do the act is distinct from the act itself.'" Id. at 390 (quoting United States v. Bayer, 331 U.S. 532, 542 (1947)). The question before the Court is whether a conspiracy and a substantive offense, though themselves separate offenses, may both support a separate § 924(c) charge based upon the possession of the same firearm.[6] The Government argues that separate convictions and sentences for Counts Two and Five do not run afoul of the protections against double jeopardy because conspiracy is a much broader offense than distribution. The Defendant contends that he cannot be convicted of both Count Two and Count Five because the same proof will support both counts under the Government's legal theory that the operation of the clinic constitutes both a conspiracy and a specific instance of distribution of controlled substances.

As discussed above, the first step in the double jeopardy inquiry is to determine whether "Congress has authorized punishments which would otherwise be inappropriately cumulative." Gibbons, 994 F.2d at 301. The Court of Appeals for the Sixth Circuit has found that Congress has expressed its intent to authorize multiple punishments in the language of § 924(c):

> Section 924(c) is designed to serve as a sentence enhancement to
> other violent or drug trafficking offenses. United States v. Moore,

---

[6]According to the Defendant, discovery in this case reveals that the same firearms are charged in Counts Two and Five. During oral argument at the March 13, 2012 hearing, the Government conceded that the same firearms were charged in Counts Two and Five but argued that fact was of no import.

917 F.2d 215, 228-30 (6th Cir.1990), <u>cert. denied</u>, 499 U.S. 963, . . . (1991). The section mandates that "[w]hoever, during and in relation to any crime of violence or drug trafficking crime . . . for which he may be prosecuted . . . uses or carries a firearm, shall, in addition to the punishment provided for such crime . . . be sentenced to imprisonment for five years." 18 U.S.C. § 924(c)(1) (1992). Thus, "in the case of § 924(c)(1) Congress made its intention explicit, stating unequivocally that the punishment for violation of that statute should be imposed 'in addition to the punishment provided for the commission of [the predicate] felony.'" <u>Whalen</u>, 445 U.S. at 699, 709 . . . (Rehnquist, J., dissenting) (brackets in original). As a result of Congress' clear legislative intent, there is no need to apply any other method of statutory interpretation: Congress directed cumulative sentencing under section 924(c). <u>Moore</u>, 917 F.2d at 230. The words "in addition to the punishment provided for such crime" can have no other meaning. The general double jeopardy tests cannot be applied to section 924(c) since a section 924(c) charge is always predicated upon the violation of another statutory offense. It can never satisfy the <u>Blockburger</u> test. The underlying crime of violence or drug crime upon which a section 924(c) conviction is, by definition, based will never require proof of any fact for which section 924(c) itself does not require proof.

<u>Id.</u> at 301-02; <u>see also</u> <u>United States v. Davis</u>, 306 F.3d 398, 417-18 (6th Cir. 2002).

Multiple convictions for § 924(c) violations do not violate the Double Jeopardy clause as long as each is based upon a separate predicate drug trafficking offense or crime of violence. <u>United States v. Henry</u>, 878 F.2d 937, 942 (6th Cir. 1989) (holding that convictions for manufacturing a controlled substance and possession of a controlled substance with intent to distribute could each support a separate § 924(c) conviction), <u>overruled on other gnds as recognized in</u> <u>United States v. Mackey</u>, 265 F.3d 457, 461-62 (6th Cir. 2001); <u>see also</u> <u>United States v. Nabors</u>, 901 F.2d 1351, 1358 (6th Cir. 1990) (approving two convictions and sentences for § 924(c) violations when defendant convicted of both a crime of violence and a drug trafficking crime); <u>United States v. Clark</u>, 928 F.2d 733, 737 (6th Cir. 1991) (determining that trial court properly merged two § 924(c) convictions because defendant was convicted of a single drug trafficking offense). No problem of

multiplicity exists for multiple § 924(c) convictions as long as "the two predicate offenses are distinct and require proof of facts not required by the other predicate[.]" Nabors, 901 F.2d at 1358. "[W]hen predicate offenses consist of non-identical conduct and are not committed simultaneously, these offenses are separate predicate acts that can support multiple convictions under 18 U.S.C. § 924(c)." United States v. Angeles, 484 F. App'x 27, 34 (6th Cir. 2012) (affirming two § 924(c) convictions based upon predicate offenses of kidnapping and carjacking). "[W]hile a temporal gap between predicate offenses may bolster a showing that predicate acts are separate, predicate offenses need not occur at different times in order to support multiple § 924(c) convictions. Rather, the fact that each offense requires proof of facts not required by the other offense appears to be sufficient to show that the predicate acts are separate." Id. at 34-35 (citation omitted).

Applying these principles, the Court of Appeals for the Sixth Circuit has upheld multiple § 924(c) convictions based upon predicate offenses of conspiracy to commit crimes against the United States and drug trafficking crimes:

> In this case, as in Nabors, the counts at issue rely on different predicate offenses, and one requires proof of facts not required by the other. First, the predicate offenses for the Count 14 [section 924(c)] conviction are the substantive crimes at 21 U.S.C. §§ 841(a) and 846, which make it illegal knowingly or intentionally to attempt or conspire to manufacture or possess with the intent to manufacture a controlled substance. The predicate act for the Count 13 [section 924(c)] conviction is the inchoate crime at 18 U.S.C. § 371, which makes it illegal for two or more persons to conspire to commit any offense against the United States and to take an act in furtherance of the conspiracy. Notably, none of the statutes which were named as objects of the § 371 conspiracy involved drug offenses.

> Second, Count 14 relied on proof of different facts than Count 13. Graham's conviction on Count 14 was for carrying a weapon while engaged in a crime of drug trafficking; the evidence for this conviction came from William Huggett's testimony that Graham carried a weapon while tending his marijuana patches. In contrast,

Graham's conviction on Count 13 was for carrying a weapon while engaged in a conspiracy to commit crimes against the United States; this conviction involved different weapons carried for a different purpose than for Count 14. Indeed, the fact that Graham carried a weapon while cultivating marijuana was completely unnecessary to the proof for his § 371 conviction. Moreover, as the district court properly pointed out, the marijuana conspiracy began much earlier than the conspiracy to commit a crime of violence.

United States v. Graham, 275 F.3d 490, 520 (6th Cir. 2001). Additionally, our appellate court has "firmly established that the imposition of separate consecutive sentences for multiple § 924(c) violations occurring during the same criminal episode [is] lawful." United States v. Burnette, 170 F.3d 567, 572 (6th Cir.1999); United States v. Simpson, 116 F. App'x 736, 741 (6th Cir. 2004) (upholding multiple § 924(c) convictions based upon predicate "crimes occurr[ing] during an uninterrupted crime spree"), conviction & sentence vacated on other gnds Nos. 2:02–CR–71, 2:03–CR–98, 2:09–CV–263, 2011 WL 1527383 (E.D. Tenn. Apr. 20, 2011).

Defendant Kincaid argues that although a conspiracy to distribute controlled substances and a substantive offense of possession of controlled substances with the intent to distribute are separate offenses, they will not require separate proof in the instant case. He contends that the Government will use the same theory of the offense and the same evidence, including the same firearm, to prove Counts One and Four. Accordingly, he claims that Counts One and Four cannot each support a separate § 924(c) conviction. In support of this argument, he points to United States v. Johnson, in which the appellate court remanded consecutive sentences for two § 924(c) convictions corresponding to two convictions for possession of two different controlled substances on the same day. 25 F.3d 1335, 1338 (6th Cir 1994). The court held "a sensible construction dictates that possession of one or more firearms in conjunction with predicate offenses involving simultaneous possession of different controlled substances should constitute only one offense under § 924(c)(1),

and the sentences under § 924(c)(1) should be for one offense only[.]" Id. Here, the Defendant argues that similarly, two § 924(c) charges for possession of the same firearms in furtherance of both a conspiracy and a substantive count based on the same prosecutorial theory are multiplicitous.

A conspiracy count and a substantive offense that comprises an overt act in furtherance of the conspiracy can both support a § 924(c) conviction. In Gibbons, our appellate court held that "Congress intended section 924(c) to serve as an enhancement to other drug trafficking crimes whether they be conspiracies or substantive offenses." 994 F.2d at 302. The court then affirmed Defendant Gibson's convictions for a section 924(c) charge that corresponded to a charge of possession with intent to distribute and a § 924(c) "firearm conspiracy charge" that corresponded to a conspiracy to distribute charge. Id. All four charges arose out of an undercover agent's purchase of crack cocaine from a codefendant while Defendant Gibson "stood nearby holding a revolver and a fanny pack which a later search would reveal to contain cocaine. After the transaction, [the codefendant] escorted [the undercover agent] to the door while carrying a sawed-off shotgun." Id. at 300. Thus, both of Defendant Gibson's § 924(c) convictions appear to be related to his and his codefendant's possession of the same firearms on the same day. See also Henry, 878 F.2d at 942 (observing that the number of firearms involved is not the controlling factor in determining the propriety of multiple § 924(c) convictions).

Similarly, our appellate court has also held that convictions for conspiracy to commit carjacking, a substantive offense of carjacking, and a substantive offense of attempted carjacking could each be a predicate for a separate § 924(c) conviction. United States v. Green, No. 94-6215, 1995 WL 451782, *4 (6th Cir. July 27, 1995) (holding that "a conspiracy and a substantive crime may be separate predicate offenses in circumstances such as the instant case").

In the instant case, Count One alleges a conspiracy to distribute controlled substances illegally from Breakthrough over a twenty-one-month period ending on December 14, 2010. The Indictment alleges that the object of this conspiracy was "to generate large amounts of cash revenue through the unlawful sale of prescriptions for controlled substances." [Doc. 77. ¶9] Count One alleges that Defendant Randy Kincaid carried firearms at Breakthrough during business hours "in order to protect the business's operation and to prevent robberies of large amounts of cash." [Doc. 77, ¶11] Count Four alleges that Sandra and Randy Kincaid possessed controlled substances with intent to distribute on December 14, 2010. Based on the allegations in the Superseding Indictment the Court cannot find as a matter of law that Counts One and Four may not support separate § 924(c) convictions. These two counts do not allege identical conduct, but the Manner and Means section of Count One reveals that it alleges additional and different types of conduct than that alleged in Count Four. Although the allegations in Count Four occurred on the last day of the alleged conspiracy, the conspiracy went on much longer. Finally, Count One requires proof of a criminal agreement, which Count Four does not. Based upon the similarity of facts in Gibson discussed above, the Court finds that Defendant Randy Kincaid's charges in Count Two and Count Five are not multiplicitous.

Finally, if the proof at trial for Counts One and Four turns out to be identical, the Court finds that the appropriate remedy would be for the trial court to merge the two § 924(c) convictions at sentencing. "[T]he Government may seek a multiple-count indictment for duplicitous counts even though the accused may not suffer two convictions or sentences on that indictment, and . . . the appropriate remedy for any Double Jeopardy violation is for the court to merge the convictions at sentencing." United States v. Vichitvongsa, No. 3:12–00013, 2012 WL 6553750, *3 (M.D. Tenn.

Dec. 13, 2012) (regarding request for election of multiple § 924(c) counts) (citing Ball v. United States, 470 U.S. 856, 865 (1985); United States v. Throneburg, 921 F.2d 654, 657 (6th Cir. 1990); United States v. Modena, 430 F. App'x 444, 446 (6th Cir. 2011)). Accordingly, the Court **RECOMMENDS** that Defendant Randy Kincaid's Motion to Dismiss Count Five of the Superseding Indictment [Doc. 97] should be **denied**.

### III. CONCLUSION

After carefully considering the motions, memoranda, oral arguments, and relevant legal authorities, the Court finds no basis to dismiss the Superseding Indictment. For the reasons set forth herein, it is **RECOMMENDED** that the Defendants' motions to dismiss the Superseding Indictment [**Docs. 50, 58, 87, and 97**] be **DENIED**.[7]

Respectfully submitted,

_____s/ H. Bruce Guyton_____
United States Magistrate Judge

---

[7]Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).