UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:10-CR-160 |
| | ) | (VARLAN/GUYTON) |
| SANDRA KINCAID, | ) | |
| RANDY KINCAID, | ) | |
| WENDI HENRY, and | ) | |
| DUSTIN MORGAN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This criminal matter is before the Court for consideration of the Report and Recommendation, entered by United States Magistrate Judge H. Bruce Guyton on February 13, 2013 (the "R&R") [Doc. 122]. The R&R addresses defendant Randy Kincaid's Motion to Dismiss Indictment and Memorandum of Law in Support [Doc. 50], defendant Sandra Kincaid's Motion to Dismiss and Supporting Memorandum of Law [Doc. 58], the Motion by the Defendant Dustin Morgan to Dismiss Indictment [Doc. 87], and defendant Randy Kincaid's Motion to Dismiss Count Five of the Superceding Indictment and Memorandum of Law in Support [Doc. 97].[1] After conducting three hearings on the various motions, the magistrate judge took the motions under advisement.

---

[1] Pursuant to the R&R [Doc. 122, p. 2], defendant Wendi Henry has adopted defendant Randy Kincaid's motion to dismiss [Doc. 50] and defendant Sandra Kincaid's motion to dismiss [Doc. 58]. Defendant Randy Kincaid has also adopted defendant Sandra Kincaid's motion [Doc. 58].

The magistrate judge then entered the R&R, recommending that the motions be denied. Defendant Morgan filed objections to the R&R [Doc. 123], as did defendant Sandra Kincaid [Doc. 124] and defendant Henry [Doc. 125]. Defendant Henry also filed a Motion to Adopt Objections to Report and Recommendation Filed by Co-Defendant Sandra Kincaid [Doc. 126], and that motion is **GRANTED** at this time. The government responded in opposition to all objections collectively [Doc. 127].[2]

## I. Relevant Background

Defendants are charged in a twenty-seven count Superseding Indictment [Doc. 77], with all charges stemming from the defendants' operation of Breakthrough Pain Therapy Center, LLC ("Breakthrough").[3] Count One of the Superseding Indictment charges the defendants with conspiring to distribute and dispense controlled substances

---

[2] The Court notes that defendant Randy Kincaid filed no objections to the R&R, and the time for doing so has passed. *See* Fed. R. Crim P. 59(b)(2). Any objections to the magistrate judge's findings by defendant Randy Kincaid are therefore deemed waived, as he has waived his right to review. *Id.* Accordingly, the Court adopts in whole the findings of the R&R related to defendant Randy Kincaid.

[3] On December 7, 2010, defendants Randy Kincaid, Sandra Kincaid, and Wendi Henry were charged in a conspiracy to dispense or distribute controlled substances in violation of 21 U.S.C. §§ 841 and 846 [Doc. 3]. On September 7, 2011, the grand jury returned a Superseding Indictment, adding defendant Dustin Morgan to the conspiracy charge and adding or altering some of the other charges against the original defendants [Doc. 77]. In the R&R, the magistrate judge indicated that the motions to dismiss filed by defendants Randy and Sandra Kincaid [Docs. 50, 58] relate to the original Indictment [Doc. 3]. Defendant Morgan's motion to dismiss was filed related to the Superseding Indictment [Doc. 77]. In light of the fact that the magistrate judge had allowed additional time for all defendants to file pretrial motions following the return of the Superseding Indictment, he analyzed all motions in light of the Superseding Indictment. As no party has objected to analyzing the motions in such a way, this Court will do the same.

unlawfully out of Breakthrough from beginning in or about May 2009, through on or about December 14, 2010. As the magistrate judge describes:

> The Indictment alleges as the manner and means of the conspiracy that Sandra Kincaid, the primary operator of Breakthrough, examined patients and issued prescriptions, although she is not a medical practitioner. [Doc. 77, ¶¶12, 14] Count One states that Wendi Henry, Ms. Kincaid's daughter, worked at the pain clinic and provided patients with false medical documents, which the patients then used to obtain prescriptions for controlled substances. [Doc. 77, ¶¶12, 17] The Indictment states that the patients receiving the false medical documents gave Henry a portion of their narcotic pills, once they filled the prescriptions they obtained at the pain clinic. The Indictment alleges that Randy Kincaid and Dustin Morgan carried firearms at Breakthrough during business hours in order to protect the large cash revenue generated by the business. [Doc. 77, ¶11] Defendant Dustin Morgan is charged in Count Three with possession of a firearm on December 14, 2010, in furtherance of the drug trafficking alleged in Count One. Defendant Randy Kincaid is also charged in Counts Two and Five with two counts of possession of firearms on December 14, 2010, in furtherance of the drug trafficking alleged in Count One and Count Four, which charges Mr. and Ms. Kincaid with possession of controlled substances with intent to distribute.
>
> The Defendants argue that the Indictment fails to state an offense in Count One and is constitutionally and procedurally insufficient. Specifically, they contend that Count One fails to charge an essential element of the offense because it does not allege that a DEA registrant participated in the conspiracy. They also assert that Count One does not provide sufficient facts to show a conspiracy to dispense controlled substances, the requisite intent or knowledge of the conspiracy, and sufficient factual details and dates to permit the Defendants to defend against the charges. Defendant Morgan argues that Count Three also fails to state an offense because Count One, on which it is predicated, fails to state an offense. Defendant Randy Kincaid contends that Counts Two and Five, which both charge him with possession of firearms on December 14, 2010, in furtherance of drug trafficking crimes, violate the Double Jeopardy clause of the Fifth Amendment.

[Doc. 122, pp. 3-4].

3

Declining to follow decisions from the Court of Appeals from the Fifth Circuit, the magistrate judge found that Count One of the Superseding Indictment sufficiently charged the essential elements of the offense despite its use of the "dispensing" language and the lack of a medical practitioner charged in this case. The magistrate judge additionally found that Count One alleges with sufficient particularity the facts, with regard to time, place, and circumstance, necessary to allow the defendants to know the charges against them, prepare to defendant against the charges, and to plead bars to future double jeopardy violations. Because the R&R finds that Count One sufficiently alleges the necessary facts and elements to survive the motions to dismiss, the R&R also recommends denial of defendant Morgan's motion as it relates to Count Three, as his argument is predicated on a finding in his favor as to Count One. The magistrate judge also found that defendant Randy Kincaid's arguments as to both Counts Two and Five lacked merit, and as defendant Randy Kincaid has filed no objections to the R&R, the magistrate judge's rulings on those counts will be adopted in whole.

## II. Objections

Defendants Sandra Kincaid and Wendi Henry first object to the magistrate judge's finding that non-physician defendants may properly be charged with dispensing controlled substances, arguing that the R&R improperly relies on a line of Sixth Circuit cases, which do not fully support its conclusion, when the magistrate judge should have looked to several cited Fifth Circuit cases, which defendants contend are on point here. Second, defendants Sandra Kincaid, Henry, and Morgan object to the magistrate judge's

4

finding that Count One sufficiently alleges a factual basis, with reasonable particularity of time, place, and circumstance, for the conspiracy charge. Based upon his argument that Count One should be dismissed, defendant Morgan additionally argues that the magistrate judge wrongly found that Count Three should not be dismissed.

### III. Standard of Review

As required by 28 U.S.C. § 636(b)(1) and Rule 59(b) of the Federal Rules of Criminal Procedure, the Court has undertaken a *de novo* review of those portions of the R&R to which defendants have objected. In doing so, the Court has carefully considered the R&R, the parties' underlying and supporting briefs, the defendants' objections, and the government's response to the objections, all in light of the relevant law.

### IV. Analysis

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). An indictment generally is constitutionally sufficient if it "contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). An indictment charging the language of a statute itself may be sufficient, so long as the indictment gives the elements of the offense "'fully, directly, and expressly.'" *Id.* (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)). The language of the statute "must be accompanied with such a statement of the facts and circumstances as will

5

inform the accused of the specific offence, coming under the general description, with which he is charged." *Id.* at 118 (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888)).

A. **Count One**

1. **Distribution and Dispensing Controlled Substances**

Defendants Sandra Kincaid and Henry argue that the Superseding Indictment insufficiently alleges that they conspired with an individual licensed to write prescriptions in the alleged conspiracy to dispense controlled substances. As in their motions to dismiss, defendants argue that "Count One does not provide an essential element of the offense because it does not allege that a DEA registrant participated in the conspiracy" [Doc. 122, p. 6]. Urging the Court to follow the Fifth Circuit, defendants claim that because the Superseding Indictment charges dispensing controlled substances when none of them are medical practitioners, the Superseding Indictment must allege the participation of an individual authorized to issue prescriptions. Because it does not, defendants contend that it must be dismissed.

Title 21 U.S.C. § 841(a)(1) provides that it is "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.]" "Distribute" is defined by the Controlled Substances Act as "to deliver (other than by administering or dispensing) a controlled substance or a listed chemical." 21 U.S.C. § 802(11). "Dispense" is defined as "to deliver a controlled substance to an ultimate user or research subject by, or

6

pursuant to the lawful order of, a practitioner, including the prescribing and administering of a controlled substance and the packaging, labeling or compounding necessary to prepare the substance for such delivery." 21 U.S.C. § 802(10). A "dispenser" is defined as "a practitioner who so delivers a controlled substance to an ultimate user or research subject." *Id.*

Defendants argue that the magistrate judge improperly relied upon the Sixth Circuit's opinion in *United States v. Johnson*, 831 F.2d 124, 128 n.8 (6th Cir. 1987), as they contend that the *Johnson* case is distinguishable from this case and that the court in *Johnson* did not hold that a non-practitioner, without a physician co-conspirator, could be charged with dispensing under 21 U.S.C. § 841(a)(1). Because defendants assert that *Johnson* and the other Sixth Circuit cases cited by Magistrate Judge Guyton dealt with different scenarios from the one at issue, defendants believe that the Court should follow precedent from the Fifth Circuit, where cases more on point to the issue in this case have been decided. The Fifth Circuit cases cited by defendants include *United States v. Albert*, 675 F.2d 712, 715-16 (5th Cir. 1982) (finding that a non-practitioner can be convicted of conspiring to dispense controlled substances if the non-practitioner participates in a conspiracy with a licensed medical practitioner); *United States v. Leigh*, 487 F.2d 206 (5th Cir. 1973) (holding that licensed medical practitioners must be charged with dispensing controlled substances rather than distributing them); *United States v. Prejean*, 429 F. Supp. 2d 782, 799 (E.D. La. 2006); *but cf. United States v. Armstrong*, 550 F.3d 382, 395 n.21 (5th Cir. 2008), *overruled on other grounds by United States v. Balleza*,

7

613 F.3d 432, 433 (5th Cir. 2010) ("We do not decide if a non-registrant who did attempt to write prescriptions would be liable for illegally dispensing as opposed to distributing.") (citing *Johnson*, 831 F.2d 124).

Defendants argue that *Johnson* is distinguishable in that a doctor was employed at the pain clinic at issue in *Johnson* and was also charged in the indictment. Defendants also point out that, as the R&R notes, in finding that the non-practitioner defendant in *Johnson* was properly charged and convicted, the Sixth Circuit wrote, "We express no opinion as to whether a non-practitioner can be properly charged with 'dispensing' controlled substances in violation of 21 U.S.C. § 841(a)(1)." *Johnson*, 831 F.2d at 128 n.8.

Initially, the Court notes that a Sixth Circuit panel's assertion that it was making no finding as to whether a non-practitioner could be indicted for dispensing is not tantamount to the Sixth Circuit making a finding that a non-practitioner could not be indicted for dispensing. Moreover, defendants object to the magistrate judge's reliance on a line of Sixth Circuit cases holding that practitioners can be properly charged with distribution rather than dispensing, as defendants allege that the instant issue is the reverse of the issue addressed in those cases. *See United States v. Ellzey*, 527 F.2d 1306, 1308 (6th Cir. 1976); *United States v. Seelig*, 622 F.2d 207, 211 (6th Cir. 1980); *United States v. Millen*, 594 F.2d 1085, 1087 (6th Cir. 1979); *United States v. Price*, No. 90-1457, 1990 WL 197826, *3 (6th Cir. Dec. 7, 1990). Defendants assert that "[s]imply because the Sixth Circuit has held that a medical practitioner may be properly charged

8

with distribution of a controlled substance, it does not necessarily follow that the Sixth Circuit would hold that the converse of that proposition is true; i.e. that a nonpractitioner may be properly charged with 'dispensing' a controlled substance" [Doc. 124, p. 5]. Accordingly, as the Sixth Circuit has not yet decided this precise issue, defendants assert that the Fifth Circuit's rulings should control. The Court notes, however, that in advancing this argument, defendants cite to the Fifth Circuit's opinion in *Leigh* that a court concluding that the terms "dispense" and "distribute" are interchangeable would ignore the language "other than by . . . dispensing" in the statutory definition of "distribute." 487 F.2d at 208. As discussed by Magistrate Judge Guyton, the Sixth Circuit has expressly declined to follow this distinction recognized by the Fifth Circuit. The Sixth Circuit in *Ellzey* wrote: "It is next contended that the indictment was defective because it charged the doctor with 'distributing' rather than with dispensing. It seems to us that this contention is merely a play on words, as the evidence was to the effect that the doctor did distribute within the meaning of 21 U.S.C. s 841(a)(1)." 527 F.2d at 1308 (citing *Leigh*, "which we decline to follow.").

The Court acknowledges that the magistrate judge's conclusion, that is, that the Sixth Circuit's repeated findings that practitioners can be charged with illegally distributing controlled substances means that the Sixth Circuit would be unlikely to deem the involvement of a practitioner to be an essential element of the offense of dispensing controlled substances, is one that is made by analogy. However, the Court finds the R&R's analysis in that regard is a reasonable interpretation of the case law of this Circuit.

9

While the Sixth Circuit has not made an express finding that a non-practitioner, who is not charged with conspiring with a medical practitioner, may be properly indicted for illegally dispensing controlled substances under § 841(a)(1), the Sixth Circuit has found the inverse to be true and has declined to follow the Fifth Circuit's express distinction between the words "dispense" and "distribute" within the meaning of § 841(a)(1). *Ellzey*, 527 F.2d at 1308. After an extensive review of the cases cited by defendants, the Court also notes that defendants have not pointed the Court to decisions of other circuits, wherein courts have expressly decided to follow the Fifth Circuit's reasoning, which defendants urge this Court to adopt.

Defendants also object to the R&R's finding that the fact that Count One of the Superseding Indictment charges defendants with distributing controlled substances, rather than dispensing them, shows that "even if our appellate court, like the Fifth Circuit, required that a medical practitioner must be involved in order to charge illegal dispensing, allegations of a medical practitioner's involvement would not be required in this case" [Doc. 122, p. 9]. In making this objection, defendants argue that "[s]ignificantly, although the Superseding Indictment purports to charge the Defendants with conspiracy to *distribute* controlled substances, it is clear from a review of the 'Manners and Means' section of the Superseding Indictment that Count One actually charges the Defendants with illegal *dispensing*" [Doc. 124, p. 7]. Upon review of the Superseding Indictment and allegations made therein, the Court finds that this objection lacks merit. While the "Manners and Means" section does assert that defendants

10

maintained Breakthrough "for the purpose of unlawfully distributing and dispensing and causing the unlawful distribution and dispensing of controlled Substances[,]" [Doc. 77, ¶ 10], as noted by Magistrate Judge Guyton, this does not change that the language of Count One specifically charges defendants with conspiring "to distribute, and to possess with intent to distribute" certain controlled substances, without mention of dispensing, [Doc. 122, p. 9 n.4].

Accordingly, defendants' objection that Count One fails to charge an essential element of the offense because it does not allege the participation of a medical practitioner in the conspiracy is **OVERRULED**.

### 2. Time, Place, and Circumstance

Defendants Sandra Kincaid, Henry, and Morgan object to the R&R's finding that Count One of the Superseding Indictment alleges the acts and intents of defendants with reasonable particularity of time, place, and circumstance [Docs. 123, 124, 125]. Specifically, defendant Sandra Kincaid objects because the Superseding Indictment does not allege that she personally tampered with or falsified documents or that she had knowledge of defendant Henry's alleged falsification of medical records. Accordingly, defendant Sandra Kincaid asserts that the Superseding Indictment contains "mere conclusions," of the type that the Supreme Court has deemed unconstitutional. *See Russell v. United States*, 369 U.S. 749, 765 (1962); *United States v. Cruikshank*, 92 U.S. 542, 558 (1875). Defendant Henry objects that, while she is named in many paragraphs of the Superseding Indictment, "the allegations against her are set in the void of time that

is constrained only by the alleged beginning and ending dates of the purported conspiracy[,]" and that the acts she is alleged to have committed are not pleaded with sufficient specificity to allow her to adequately defend against the charges [Doc. 125, p. 3]. Defendant Morgan additionally objects because the facts and dates alleged in the Superseding Indictment, and relied upon by the magistrate judge in his finding that the indictment is sufficient, do not relate to him personally. Defendant Morgan asserts that other than a mention of him in the general conspiracy charge and an allegation that he possessed firearms on the Breakthrough premises during the time frame of the conspiracy, there is no other allegation as to how he participated in the alleged conspiracy or that he was a willful participant.

"To be legally sufficient, the indictment must assert facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime." *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir. 1992). First, as to time and place, the Court finds that the allegations in Count One are sufficiently particular to put defendants on notice as to the crimes with which they are charged, to allow them to prepare defenses against the charges, and to allow them to plead a bar against future double jeopardy issues. As indictments are generally "sufficient where they fix the end of the conspiracy and provide an approximate start date," *United States v. Vassar*, 346 F. App'x 17, 19-20 (6th Cir. 2009) (citations omitted), the time frame alleged in the Superseding Indictment here, "beginning in or about May 2009, and continuing through on or about December 14, 2010," is sufficient [Doc. 77, ¶

12

8]. Moreover, as noted by the magistrate judge, the "Manners and Means" section provides a additional dates. As to location, the allegations in the Superseding Indictment clearly indicate that many of the alleged acts took place at the Breakthrough clinic.

In *Vassar*, the Sixth Circuit dealt with a count charging participation in a drug conspiracy very similar to the one at issue here. 346 F. App'x at 19-20. The count reviewed in that case read:

> From on or before January 1, 2004, until on or about August 24, 2005, within the Eastern District of Tennessee, the defendants, DEWEY LYNN PHILLIPS, JAMES MARK THORNTON, MICHAEL CARL VASSAR, MICHAEL CHARLES GUNTER, and others known and unknown to the grand jury, did conspire, confederate and agree with each other and others both known and unknown to distribute and to possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A).

*Id.* at 19. The Sixth Circuit found that language to be sufficient. *Id.* In this case, the Superseding Indictment charges:

> The Grand Jury charges that, beginning in or about May 2009, and continuing through on or about December 14, 2010, within the Eastern District of Tennessee, the defendants, **SANDRA KINCAID, RANDY KINCAID, WENDI HENRY, AND DUSTIN MORGAN**, did combine, conspire, confederate, and agree with each other and others to commit violations of Title 21, United States Code, Section 841(a)(1), that is, to distribute, and to possess with intent to distribute, [certain listed controlled substances], all in violation of Title 21, United States Code, Section 846.

[Doc. 77, ¶ 8]. As the charge in this case, together with the additional facts and allegations set forth in the "Manner and Means" section, provides as much or more information than the conspiracy count approved in *Vassar*, the Court finds Count One

13

constitutionally sufficient. *See also United States v. Payne*, No. 1:90-00009, 2010 WL 3081952, *2-3 (M.D. Tenn. Aug. 6, 2010) (citing *Vassar* and finding the conspiracy charge in an indictment nearly identical to the one in *Vassar* to be sufficient); *United States v. Dickens*, No. 1:09-CR-0026-R, 2010 WL 3808664, *1-2 (W.D. Ky. Sept. 28, 2010) (finding defendant was not entitled to a bill of particulars because conspiracy charge in indictment with same language as *Vassar* was sufficient).

The Court finds that Count One of the Superseding Indictment sufficiently alleges all facts, including time, place, and circumstances, as well as the essential elements of the charge of conspiracy to distribute controlled substances, to allow defendants to be aware of the charges against them, to adequately prepare to defend against those charges, and to plead a bar against double jeopardy. Accordingly, this objection is **OVERRULED**.

### B. Count Three

Defendant Morgan argues that because the magistrate judge should have found Count One insufficient, the magistrate judge should also have found that Count Three, charging him with possession of a firearm during or in furtherance of a crime of violence or drug trafficking crime, should be dismissed. Because the Court agrees with Magistrate Judge Guyton's findings as to Count One of the Superseding Indictment, the Court also agrees with the R&R's ruling as to Count Three and **OVERRULES** defendant Morgan's objection.

14

## V. Conclusion

As stated above, the Court hereby **GRANTS** defendant Henry's Motion to Adopt Objections to Report and Recommendation Filed by Co-Defendant Sandra Kincaid [Doc. 126]. Moreover, after reviewing the record in this case, including the R&R and the underlying briefs, as well as the relevant law, defendants' objections to the R&R, and the government's response to defendants' objections, the Court determines that the magistrate judge fully and appropriately considered the arguments in support of the motions to dismiss. Further, the Court agrees with the magistrate judge's analysis and findings. Accordingly, and for the reasons stated above, the Court **OVERRULES** the defendants' objections [Docs. 123, 124, 125], **ACCEPTS IN WHOLE** the R&R [Doc. 122], and **DENIES** defendant Randy Kincaid's Motion to Dismiss Indictment and Memorandum of Law in Support [Doc. 50], defendant Sandra Kincaid's Motion to Dismiss and Supporting Memorandum of Law [Doc. 58], the Motion by the Defendant Dustin Morgan to Dismiss Indictment [Doc. 87], and defendant Randy Kincaid's Motion to Dismiss Count Five of the Superceding Indictment and Memorandum of Law in Support [Doc. 97].

IT IS SO ORDERED *NUNC PRO TUNC* April 5, 2013.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE