IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:10-CR-160 |
| v. | ) | |
| | ) | |
| RANDY KINCAID, | ) | (VARLAN / GUYTON) |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Counsel for Defendant Randy Kincaid, who has been appointed pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, has moved by way of his Motion to Declare Case Complex and Extended for Purpose of Additional Compensation and Interim Payments [Doc. 201], for a waiver of the case compensation maximum limit and for interim payment of attorney compensation. The Criminal Justice Act and the Guide to Judiciary Policy provides for a maximum compensation limit of $9,700 for each attorney in a non-capital case charging one or more felonies. 18 U.S.C. § 3006A(d)(2) (providing that the case compensation maximums shall increase "simultaneously" with changes in the hourly rate); 7 Guide to Judiciary Policy, Chapter 2-Appointment and Payment of Counsel, §§ 230.23.10(h), 230.23.20(a) (hereinafter Guide). Payment in excess of the $9,700 limit may be allowed if the court certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit or his or her designee. 18 U.S.C. § 3006A(d)(3).

In the present case, counsel requests that the case be declared extended and complex due to the number and complexity of the charges and the complexity of the case as a whole.

1

Defendant Randy Kincaid was charged [Doc. 77] with one count of conspiring to distribute controlled substances through a pain clinic, one count of possession of controlled substances with intent to distribute, two counts of possession of a firearm in furtherance of a drug trafficking crime, one count of conspiracy to commit money laundering, and twenty-one counts of structuring financial transactions in such a way as to evade reporting requirements. Counsel states that discovery in this case was voluminous, involving twenty-five compact discs containing over 30,000 documents along with copies of recorded conversations made by confidential informants and government agents. After a twelve-day trial, the Defendant was convicted on all counts. The Defendant is scheduled for sentencing on March 11, 2014. Counsel states [Doc. 201-1] that the time necessary for reviewing discovery and trial preparation greatly reduced the time he had available to devote to other parts of his law practice and required him to forego other matters in order to represent the Defendant. Accordingly, counsel argues that the case qualifies as complex and that interim payments are warranted. The Government has not responded to this motion.

The following regulation is pertinent to the question of whether or not the $9,700 maximum on compensation should be waived:

(a) Overview

Payments in excess of CJA compensation maximums may be made to provide fair compensation in cases involving extended **or** complex representation when so certified by the court or U.S. magistrate judge and approved by the chief judge of the circuit (or by an active or senior circuit judge to whom excess compensation approval authority has been delegated).

(b) Extended or Complex Cases

The approving judicial officer should first make a threshold determination as to whether the case **is**

2

> > **either** extended or complex.
>
> > -If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill, and effort by the lawyer than would normally be required in an average case, the case is "complex."
>
> > -If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case is "extended."
>
> > (c) Determining Fair Compensation
>
> > > After establishing that a case is extended or complex, the approving judicial officer should determine if excess payment is necessary to provide fair compensation. The following criteria, among others, may be useful in this regard:
> >
> > > -responsibilities involved measured by the magnitude and importance of the case;
> >
> > > -manner in which duties were performed;
> >
> > > -knowledge, skill, efficiency, professionalism, and judgment required of and used by counsel;
> >
> > > -nature of counsel's practice and injury thereto;
> >
> > > -any extraordinary pressure of time or other factors under which services were rendered; and
> >
> > > -any other circumstances relevant and material to a determination of a fair and reasonable fee.

7 Guide, Chapter 2, § 230.23.40. "Case compensation limits apply only to attorney fees." 7 Guide, Chapter 2, § 230.23.10(d). There is no limit on the presiding judge's authority to reimburse counsel's **expenses** except as to compensation for investigators and other experts. 18 U.S.C. § 3006A(e); 7 Guide, Chapter 2, §§ 230.23.10(d), 230.63.10.

3

In this case, Defendant Randy Kincaid was charged [Doc. 77] with conspiring with three other named codefendants to distribute and to possess with intent to distribute controlled substances from May 2009 to December 14, 2010, during their operation of Breakthrough Pain Therapy Center. Defendant Randy Kincaid managed the financial aspects of the pain clinic and, thus, was charged in twenty-two financial crimes as well as in a distribution count and two weapons offenses. Although Mr. Kincaid's prior counsel filed all of his pretrial motions,[1] Attorney Young had to review all of the discovery and conduct all trial preparations.

This Court has declared [Doc. 37] the case to be "complex" for purposes of the Speedy Trial Act based upon the number of defendants involved in this case, the nature of the prosecution including the voluminous discovery, and the existence of novel questions of law raised in the pretrial motions. 18 U.S.C. § 3161(h)(7)(B)(ii). With regard to Defendant Randy Kincaid, the Court finds that discovery review and trial preparation required "more time, skill, and effort" on the part of defense counsel than typically required in the average case, rendering the case "complex." See 7 Guide, Chapter 2, §230.23.40(b). Moreover, this case has reasonably required more time for pretrial proceedings than the typical case, making it "extended." See id. Attorney Young is now engaged in litigating post-trial motions for the Defendant and will represent him at his sentencing hearing, which is still three months away.

Because of the number of defendants, the nature of the charges asserted in the Indictment, the extensive volume of discovery, and the protracted trial, it is the opinion of the undersigned that this case meets the definition of being both "complex" and "extended" as set out

---

[1] Assistant Federal Defender Jonathan A. Moffatt was permitted [Doc. 117] to withdraw on August 15, 2012, due to an actual conflict of interest.

above and that excess payment may well be necessary to provide fair compensation to counsel. See 7 Guide, Chapter 2, § 230.23.40(c). Of course, each voucher will be scrutinized by the Court and a determination will be made as to whether a fair and reasonable fee is claimed. It is also the Court's opinion that it is necessary and appropriate to approve interim payments to counsel for fees and out-of-pocket expenses. See 7 Guide, Chapter 2,§ 230.73.10.

For the reasons indicated, it is **RECOMMENDED** that the District Court sign and forward the "Memorandum and Order Concerning Excess and Interim Payments" to the chief judge of the circuit or her designee. This procedure is approved in Chapter 2 and Appendix 2C to the Guide to Judiciary Policy. If the chief judge or her designee approves the request, the regulations provide that the Court should then take the following steps:

> (1) The Memorandum and Order Concerning Excess and Interim Payments should be filed with the clerk; and
>
> (2) A copy of that document should also be sent to the CJA claims coordinator at the Criminal Justice Act Claims Section, Financial Management Division, Administrative Office, United States Courts.

Also, counsel seeking excess and interim payments should take the following steps:

> (1) Form CJA 20 should be submitted with full documentation of all expenses claimed on the voucher;
>
> (2) A number should be assigned to each voucher processed for payment;
>
> (3) Item 19 of Form CJA 20 must be completed to indicate the time period covered by the voucher and whether it is for the final payment or for an interim payment; and
>
> (4) The final voucher should:
>
> > (a) set forth in detail the time and expenses claimed for the entire case;

(b) reflect all compensation and reimbursement previously received;

(c) show the net amount remaining to be paid; and

(d) be approved by the chief judge of the circuit or her designee if the total claim for the case is in excess of the statutory limits.

7 Guide, Part A-Guidelines for Administering the CJA and Related Statutes, Appendix 2C.

## CONCLUSION

For the reasons stated herein, it is **RECOMMENDED** that the Motion to Declare Case Complex and Extended for Purpose of Additional Compensation and Interim Payments [**Doc. 201**] be granted pursuant to the procedures in the Guide to Judiciary Policy and as set out above.[2]

**IT IS SO ORDERED.**

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).