UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:17-CV-29-TAV-HBG |
| | ) | 3:10-CR-160-TAV-HBG-2 |
| RANDY KINCAID, | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is defendant's motion for permission to preserve the right to file a motion under 28 U.S.C. § 2255 pursuant to *Johnson v. United States*, 576 U.S. 591 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016) [Doc. 328].[1] A prisoner in federal custody may file a motion under 28 U.S.C. § 2255, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Section 2255(f) provides that the one-year statute of limitations runs from the latest of several dates, but relevant here is subsection (3): "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Since the *Johnson* and *Welch* cases were decided on June 26, 2015, and April 18,

---

[1] All docket citations refer to the underlying criminal case unless otherwise indicated.

2016, respectively, in his motion, defendant requested permission to preserve the right to seek relief under these cases when he filed his § 2255 motion.

The Court notes that defendant filed his motion to vacate his sentence under § 2255 [Doc. 330], and the Court has ruled on his motion [Docs. 376 and 377], holding that it was untimely. The same reasoning applies here to the extent that defendant preemptively attempted to toll the statute of limitations via the present motion.

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6th Cir. 2001). A petitioner bears the burden of establishing that equitable tolling applies to his case, and the doctrine is used sparingly. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). In order to demonstrate that he is entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 (holding that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day.").

As in his § 2255 motion [Doc. 330], here, defendant states he had recently been transferred between facilities and "for several months was moved from prison to prison. During that time he did not have access to law library facilities" [Doc. 328]. Defendant therefore appears to seek equitable tolling such that the claims pursuant to these cases will

not be time-barred. As discussed in this Court's prior order [Doc. 376], the Sixth Circuit has previously held that time spent in transit is not a circumstance extraordinary enough to justify equitable tolling where a Petitioner could have diligently pursued his rights and timely filed a § 2255 motion during the remaining year-period available to him. *See Brown v. United States*, 20 Fed. App'x 373, 375 (6th Cir. 2001). And Petitioner does not provide any explanation for his failure to timely file his motion in the periods that he was not in transit or on lock-down. Thus, Petitioner has not demonstrated or established that he has pursued his rights diligently, or that any extraordinary circumstances prevented him from filing a timely § 2255 motion. The Court therefore has not been provided with "compelling equitable considerations" to justify extending the period of limitations by "even a single day." *Jurado*, 337 F.3d at 643. Accordingly, defendant's motion [Doc. 328] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE