UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:10-CR-160-TAV-JEM-2 |
| RANDY KINCAID, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's pro se motion for compassionate release [Doc. 441]. The government responded in opposition [Doc. 446]. Defendant filed additional pleadings to supplement his motion [Doc. 450], and the government responded in opposition [Doc. 451]. For the reasons set forth more fully below, defendant's motion [Doc. 441] will be **DENIED**.

### I. Background

On October 30, 2013, a jury convicted defendant of 26 counts, including, among other offenses, conspiracy to distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of oxycodone, oxymorphone, morphine, zolpidem, and alprazolam, all in violation of 21 U.S.C. § 846; possessing firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and possessing with intent to distribute a quantity of a mixture and substance containing a detectable amount of oxycodone and morphine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) [Docs. 184, 185; *see also* Doc. 77]. Probation calculated

defendant's criminal history score as zero, resulting in a criminal history category of I [Presentence Investigation Report ("PSR") ¶ 63]. The PSR calculated defendant's guideline range as life imprisonment based upon a total offense level of 43 and a criminal history category of I [*Id.* ¶ 81]. Additionally, the PSR noted that all guideline sentences above 470 months' imprisonment are capped at 470 months [*Id.*]. The PSR also noted that the terms of imprisonment on two of defendant's counts of conviction were required to be imposed consecutively to any other counts under a now-revised statutory provision [*Id.* ¶¶ 79, 80]; *see* 18 U.S.C. § 924(c)(1)(A) (2014).

On May 9, 2014, the Court sentenced defendant to 830 months' imprisonment, followed by three years of supervised release [Doc. 248]. This term consisted of "240 months as to Counts One and Six, to be served concurrently; 230 months as to Count Four, to be served consecutively; 120 months as to Counts Seven through Twenty-Seven, to be served concurrently; 60 months as to Count Two, to be served consecutively; and 300 months as to Count Five, to be served consecutively; for a total effective sentence of 830 months" [Doc. 248, p. 3]. In addition to the consecutive imposition of Counts Two and Five per 18 U.S.C. § 924(c)(1)(A), U.S.S.G. § 5G1.2(d) required that the Court impose Count Four consecutively in order to "produce a combined sentence equal to the total punishment" of 470 months' imprisonment as calculated per the Guidelines [*see* PSR ¶ 81]. According to the Bureau of Prisons' website, defendant is presently scheduled for release on October 6, 2072. Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed Apr. 23, 2025).

2

## II. Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in § 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

3

*Id*. Defendant seeks relief under § 3582(c)(1)(A)(i) [Doc. 441].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. Analysis

#### A. Exhaustion

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct.

4

13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this case, the government concedes that defendant has satisfied this requirement with respect to all but defendant's challenge to the legality of his conviction on the basis of *Ruan v. United States*, 597 U.S. 450 (2022) [Doc. 446, p. 15]. Specifically, defendant appears to argue that the Court should now consider his "culpable mental state" argument as a result of intervening change in law [Doc. 441, p. 3]. This argument, which collaterally attacks defendant's underlying conviction, is more appropriately raised on direct appeal or through a 28 U.S.C. § 2255 motion rather than the instant 18 U.S.C. § 3582(c)(1)(A) motion. *See United States v. Mattice*, No. 20-3668, 2020 WL 7587155, at *2 (6th Cir. Oct. 7, 2020). In any event, defendant did not raise his *Ruan* argument in his August 6, 2022, request to the BOP Warden [Doc. 446-2]. Accordingly, the Court will not evaluate this particular argument as it is neither exhausted nor procedurally appropriate in this context. However, the Court will evaluate defendant's remaining arguments that were previously exhausted in his BOP request according to the three-step test explained above.

B. **Extraordinary and Compelling Reasons**

Turning to whether defendant has set forth extraordinary and compelling grounds for relief, the Court first notes that the United States Court of Appeals for the Sixth Circuit previously held that "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement

5

Case 3:10-cr-00160-TAV-JEM    Document 453    Filed 04/29/25    Page 5 of 13
PageID #: 8519

of § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). This was so because the applicable policy statement, United States Sentencing Guideline § 1B1.13, as written at the time, did not contemplate inmate-filed motions for compassionate release, but instead, was limited to circumstances where the Bureau of Prisons filed a motion on an inmate's behalf. *Id.* at 1109–10; *see also* U.S.S.G. § 1B1.13 (2018).

However, the Sentencing Commission amended the policy statement in § 1B1.13, effective November 1, 2023, to encompass inmate-filed motions for compassionate release. U.S.S.G. § 1B1.13 (2023). It thus appears that the Sixth Circuit's prior ruling that § 1B1.13 is not an applicable policy statement to inmate-filed motions for compassionate release is no longer consistent with the Guidelines. *See United States v. Nash*, No. 23-3635, 2024 WL 1979067, at *3 (6th Cir. Apr. 30, 2024) (noting the amendment to § 1B1.13 and stating that "prior to [the date of amendment], no guideline policy statement applied to compassionate-release motions brought by defendants, and a district court could deny a defendant-filed motion without reference to any policy statement"); *see also United States v. Ringgold*, No. ELH-17-232, 2023 WL 7410895, at *5–6 (D. Md. Nov. 8, 2023) ("[I]t appears that the Fourth Circuit's conclusion in *McCoy*, 981 F.3d at 281, to the effect that '§ 1B1.13 is not an 'applicable' policy statement,' is no longer consistent with the Guidelines. This is because the Policy Statement is now expressly applicable to defendant-filed motions pursuant to 18 U.S.C. § 3582(c)(1)(A)."). However, "[t]he new policy statement largely preserves the discretion district courts held to consider any

6

extraordinary and compelling reason for release." *United States v. Davis*, No. 3:20-cr-16, 2023 WL 7356579, at *2 (W.D. N.C. Nov. 7, 2023).

As amended, § 1B1.13(b) states that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," and discusses when the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, the defendant's victimization in custody, and other reasons may constitute extraordinary circumstances. U.S.S.G. § 1B1.13(b)(1)–(6). Here, defendant cites the following as extraordinary and compelling grounds warranting his release: (1) a change in the law resulting in a lower sentence today; and (2) his increased susceptibility to COVID-19 given his age [Doc. 441, pp. 3–4; s*ee* Doc. 446-2].

### i. Change in the Law

The amended policy statement provides that changes to non-retroactive law can constitute an extraordinary and compelling reason for release under certain conditions. *See* U.S.S.G. § 1B1.13(b)(6). However, in April 2025, the Sixth Circuit invalidated section 1B1.13(b)(6). *United States v. Bricker*, No. 24-3286, 2025 WL 1166016, at *1 (6th Cir. Apr. 22, 2025). Based in part on the United States Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), which reduced the interpretive deference afforded to agencies, the Sixth Circuit determined that the Commission "overstepped its authority and issued a policy statement that is plainly unreasonable under the statute and in conflict with the separation of powers." *Bricker*, 2025 WL 1166016, at *1; *see also*

7

*Moctezuma-Reyes v. Garland*, 124 F.4th 416, 420 (6th Cir. 2024) (clarifying when courts should independently interpret statutes).

In reaching its conclusion, the *Bricker* majority clarified that the Sixth Circuit's decision in *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022) (en banc), which predates the amended policy statement, remains the law of this Circuit. In contrast to the policy statement contained in U.S.S.G. § 1B1.13(b)(6), the *McCall* court held that the fact "that a defendant might receive a different sentence today than he received years ago represents the routine business of our legal system" and "cannot supply an extraordinary and compelling reason to reduce a lawful sentence whose term Congress enacted, and the President signed, into law." *Id*. at 1065. In other words, because *Loper Bright* reduced courts' deference to Commission policy statements, and the *Bricker* majority held that section 1B1.13(b)(6) is "plainly unreasonable," "we [are] bound by *McCall*'s views on the plain meaning of 'extraordinary and compelling.'" *Bricker*, 2025 WL 1166016, at *1–*9 (citing *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017)).

The Court is mindful that the parties briefed this matter prior to the Sixth Circuit's decision in *Bricker* [*See, e.g.*, Doc. 446, p. 7; Doc. 450, pp. 4–5]. Because U.S.S.G. § 1B1.13(b)(6) has been invalidated and changes to non-retroactive law cannot constitute an extraordinary and compelling reason for release, these arguments are moot. Accordingly, the Court finds that defendant's arguments regarding a change in law do not constitute an extraordinary and compelling ground warranting release.

### ii. Defendant's Medical Condition(s)

The policy statement provides four situations when a defendant's medical condition may constitute an extraordinary and compelling reason for release:

(A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory) . . . .

(B) The defendant is—

(i) suffering from a serious physical or medical condition,

(ii) suffering from a serious functional or cognitive impairment, or

(iii) experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D) The defendant presents the following circumstances—

(i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak or infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

(ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1).

Defendant states his "senior age of 67" would "increase[] his susceptibility to serious illness or death from the still-ongoing coronavirus (COVID-19) and its many known (and possibly still unknown) variants" [Doc. 441, p. 4]. He further indicates that he "is still experiencing difficulty with his lungs, compounded by his advanced age" [Doc. 450, p. 11]. His medical record indicates that he refused to receive the COVID-19 vaccine [Sealed Doc. 447].

The government responded that the risk of the COVID-19 pandemic is no longer an extraordinary and compelling reason for release, since defendant has access to the COVID-19 vaccine [Doc. 446, p. 16]. Additionally, it emphasizes that defendant's older age was known to the Court at sentencing [*Id.*].

Under the final subsection of § 1B1.13(b)(1), defendant's health issues may be extraordinary and compelling grounds for release when combined with the increased risk of contracting, or becoming severely ill from, COVID-19; however, defendant has not adequately established all three requirements of § 1B1.13(b)(1)(D). Defendant has not established that he is housed at a correctional facility affected by an ongoing outbreak of COVID-19. Records indicate that defendant is housed at Federal Correctional Institution ("FCI") Bennettsville. Federal Bureau of Prisons' Inmate Locator, www.bop.gov/inmateloc// (last accessed Apr. 23, 2025). The Bureau of Prison's website indicates that there are four open cases of COVID-19 at FCI Bennettsville, and 706 of 1611 inmates have been fully vaccinated against COVID-19. "Inmate COVID-19 Data," Inmate COVID-19 Data, bop.gov/about/statistics/statistics_inmate_covid19.jsp (last accessed

10

Case 3:10-cr-00160-TAV-JEM    Document 453    Filed 04/29/25    Page 10 of 13
PageID #: 8524

Apr. 23, 2025). Accordingly, it does not appear that there is currently an ongoing COVID-19 outbreak at FCI Bennettsville, nor has defendant provided any information that such an outbreak is imminent.

The Sixth Circuit has previously held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Defendant's medical record indicates that he refused to receive the COVID-19 vaccine [Sealed Doc. 447]. But the Sixth Circuit has found that *access* to the vaccine is sufficient to determine the defendant can mitigate the risk of medical complications from contracting the virus. *Lemons*, 15 F.4th at 751. Therefore, given defendant's access to the COVID-19 vaccine, the Court does not find that defendant's risk of severe medical complications associated with contracting COVID-19 cannot be adequately mitigated in a timely manner. Accordingly, defendant has not established that medical circumstances constitute an extraordinary and compelling ground for release.

In sum, neither of defendant's arguments based upon U.S.S.G. § 1B1.13 are persuasive and his motion [Doc. 441] is therefore **DENIED**.

C. **Section 3553(a) Factors**

Alternatively, the Court finds that, even if defendant had established extraordinary and compelling grounds for relief, the § 3553(a) factors weigh against granting compassionate release.

11

Case 3:10-cr-00160-TAV-JEM     Document 453     Filed 04/29/25     Page 11 of 13
PageID #: 8525

Section "3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) (internal citations omitted). The "overarching" inquiry under § 3553(a) is whether the sentence imposed is "sufficient, but not greater than necessary, to comply with the purposes" outlined in § 3553(a) paragraph (2). § 3553(a); *see also Pepper v. United States*, 526 U.S. 476, 491 (2011). To this end, § 3553(a) directs the Court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed, the kinds of sentences available, the applicable guideline range, any pertinent policy statement, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims. *Id*.

The § 3553(a) factors weigh against granting defendant's motion for compassionate release. Specifically, the Court finds defendant was convicted of serious crimes for which he faced a guideline imprisonment range of life, capped at 470 months [Doc. 226 ¶ 81]. Additionally, certain statutory provisions required that the terms of imprisonment imposed as to specific counts must run consecutively to any other counts [*Id*. ¶¶ 79–80]. The Court took all of this information, as well as all the other evidence of record, into account in fashioning a sentence which was sufficient, but not greater than necessary, to reflect, among other things, the serious nature of the offense, the need to promote respect for the law and provide just punishment, the need for adequate deterrence both as to this defendant

12

and to the public at large, and to protect the public from further crimes by this defendant. Taking all relevant evidence into account, the Court sentenced defendant to a sentence of 830 months' imprisonment, followed by three years of supervised release [Doc. 248].

Accordingly, even if defendant had demonstrated extraordinary and compelling reasons warranting his release pursuant to U.S.S.G. § 1B1.13(b), his motion for compassionate release [Doc. 441] would be **DENIED** on § 3553(a) grounds.

## VII. Conclusion

For the reasons set forth more fully above, defendant's motion [Doc. 441] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE